UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| TOBEY VUJNOVICH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:10-CV-043 JD |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| COMMISSIONER OF SOCIAL | ) |  |
| SECURITY,[1] | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Plaintiff Tobey Vujnovich brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner") [DE 1]. On March 28, 2011 this Court entered an order remanding the case to the Commissioner for further proceedings [DE 23].

On June 8, 2011, the parties filed a joint stipulation relative to an attorney fee award, consistent with the Equal Access to Justice Act ("EAJA") [DE 26]. In accordance with the agreement, the Court awarded $7,200 in EAJA fees and expenses to Plaintiff [DE 27].

On September 27, 2012, following this Court's remand, an Administrative Law Judge approved Vujnovich's claim for disability insurance benefits and found Vujnovich disabled as of May 5, 2006 [DE 28 at 1]. On November 14, 2012, the Commissioner sent a notice of award indicating that Vujnovich's past due Title II benefits amounted to $62,251.57; and thereafter, plaintiff's counsel was informed that Vujnovich's total past due benefits actually amounted to

---

[1]Carolyn W. Colvin became the acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Colvin is substituted for Michael J. Astrue as the Defendant in this action. No further action needs to be taken as a result of this substitution. 42 U.S.C. § 405(g) ("[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

$81,388.90 [DE 28, Ex. A]. On December 14, 2012, defense counsel Barry Schultz filed the instant motion pursuant to 42 U.S.C. § 406(b), seeking the Court's authorization of a payment of $20,347.22 in attorney fees from Vujnovich to Schultz pursuant to the contingent-fee agreement[2] [DE 28, Ex. B].

The contingent-fee agreement for Schultz's representation of Vujnovich was entered into on January 14, 2010 [DE 28, Ex. B]. Under the terms of the agreement, Vujnovich agreed "to pay a fee for federal court work of 25% of all past-due benefits awarded . . . even if the Court remands the matter for additional proceedings before the Social Security Administration, and benefits are paid to [Vujnovich] based upon that remanded proceeding." *Id.*

The Commissioner has not filed a response to this motion. For the reasons set forth herein, Schultz's motion for authorization of attorney fees will be GRANTED.

## Legal Standard

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 795-96 (2002). Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court.[3] *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government, and the fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)(1)(A)). Thus, under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of

---

[2]The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3]However, the combination of fees awarded under § 406(a) and § 406(b) can never exceed twenty-five percent of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004). Here, Mr. Schultz represents that he has not received any fees under § 406(a).

2

25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . .". *Id*. Moreover, § 406(b) has been harmonized with the EAJA. Specifically, "Congress provided authority for awarding fees for the same work under 42 U.S.C. § 406 and the EAJA in the 1985 EAJA amendments, so long as the smaller fee is refunded to the client." *Ward v. Sullivan,* 758 F.Supp. 1312, 1315 (E.D. Mo. 1991); *see also Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)"); *Hanrahan v. Shalala,* 831 F.Supp. 1440, 1452 (E.D. Wis. 1993) ("[W]hen attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant.").

Furthermore, the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnotes omitted).

## Discussion

Here, Schultz requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $20,347.22 pursuant to the contingent-fee agreement for his representation

of Vujnovich, with the refund of the smaller EAJA award of $7,200.00 to be given to Vujnovich. In calculating his requested fee, Schultz starts with $20,347.22, which is exactly twenty-five percent of the past benefits awarded to Vujnovich (in the amount of $81,388.90). Schultz explains that such an award represents payment for 46.3 hours of legal work he spent in representing Vujnovich in federal court, which amounts to an hourly rate of $439.46 [DE 28]. Schultz believes the amount to be awarded is reasonable considering (1) his vast experience litigating social security cases since at least 1986; (2) it reflects the contingent nature of the recovery; (3) he achieved a great benefit for Vujnovich; (4) he provided Vujnovich with effective representation; and (5) other courts in the district have found similar fees to be reasonable [DE 28 at 2-3] (citing *Salyer v. Astrue*, No. 3:06-CV-359-RLM, 2009 WL 3200388 (N.D. Ind. Sept. 28, 2009) (approving a fee which equated to approximately $278.61 per hour); *Santino v. Astrue*, No. 2:06-CV-75-PRC, 2009 WL 1076143 (N.D. Ind. Apr. 20, 2009) (noting an award of fees in excess of $1,000.00 per hour in *Szanyi v. Astrue*, No. 2:04-CV-412-PRC (N.D. Ind. Nov. 14, 2007)); *Carradine v. Astrue*, No. 1:02-CV-00122, 2008 WL 4776390 (N.D. Ind. Oct. 27, 2008) (approving a rate equivalent to $226.00 per hour).

In considering the reasonableness of the contingency-fee requested, the Court notes that during Schultz's representation, he did not cause a delay in the litigation and never even requested additional time to submit his briefs. Although the hours worked compared to the total fee requested may seem disproportionate at first glance, they reflect the time-value of money and the attorney's risk that he could have received no payment for his services. Moreover, Schultz evaluated the record and presented multiple distinct issues to the Court for review in lengthy briefs. To be successful, counsel had to obtain a remand, convince the SSA to award benefits, and convince the SSA of the onset date for disability benefits. Schultz successfully completed

each of these tasks. Schultz has extensive experience in the field of Social Security litigation, as demonstrated by his lengthy litigation history and representation of Vujnovich throughout this matter. His experience certainly aided in his ability to evaluate the record and determine the proper issues for appeal.

In addition to the past-due benefits that Vujnovich was awarded as a result of the disability finding with an onset date of May 5, 2006, Vujnovich will receive significant future benefits as a result of counsel's work. Although continuing and future benefits do not factor in to the basis for calculating the amount of the § 406(b)(1) attorney fees, they nevertheless demonstrate the value of counsel's work to Vujnovich. Further, this district has awarded awards of up to $1,000.00 per hour, *see Szanyi v. Astrue*, No. 2:04-CV-412-PRC (N.D. Ind. Nov. 14, 2007)- while likely not a reasonable rate in most cases, the Court simply notes the fact that Schultz's fee is less than 50% of the fee awarded in another case. Finally, because counsel was awarded fees under the EAJA, the fee of $20,347.22 will be offset by the amount of the EAJA award of $7,200.00.

Schultz achieved the result Vujnovich sought in filing this suit, and counsel should be properly compensated. The Commissioner makes no argument that counsel's fee request is unreasonable, and the Court is persuaded by Schultz's argument in support of his fee. Schultz's requested fee does not exceed twenty-five percent of Vujnovich's past-due benefit award, his knowledge and experience assisted him in obtaining a significant result for Vujnovich, and he undoubtedly provided her with quality representation. Schultz's requested fee is certainly "reasonable for the services rendered," *Gisbrecht*, 535 U.S. at 807, particularly in a contingent-fee context.

However, as discussed *supra*, and as Schultz acknowledges [DE 28], the lesser of the amount of attorney fees awarded under § 406(b) and the EAJA must be refunded to the claimant, as the fee awards under each statute are derived from the same hours of legal work. Therefore, Schultz's requested fee under § 406(b) in the amount of $20,347.22 will be authorized by this Court, but $7,200.00 will then be paid to Vujnovich. *See Gisbrecht*, 535 U.S. at 796.

**Conclusion**

For the foregoing reasons, Schultz's Motion for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) is GRANTED [DE 28]. The Court ORDERS that payment from Vujnovich's past-due benefits in the amount of $20,347.22 be paid directly to Attorney Barry A. Schultz of the Law Offices of Barry A. Schultz P.C. in accordance with the agreement signed by Vujnovich. The Court further ORDERS Attorney Schultz to pay Vujnovich $7,200.00, which represents the amount of the EAJA award already paid to Schultz and now credited to Vujnovich.

SO ORDERED.

ENTERED: <u>April 1, 2013</u>

<u>       /s/ JON E. DEGUILIO       </u>
Judge
United States District Court